IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| HENRY JOHNSON, ) | |
| ) | |
| Defendant. ) | Case No. 15-cr-20058 |

**DEFENDANT'S SENTENCING COMMENTARY**

NOW COMES the Defendant, HENRY JOHNSON, by and through his attorney, ELISABETH R. POLLOCK of the Federal Public Defender's Office for the Central District of Illinois, and for his Sentencing Commentary states as follows:

**I.     Procedural History**

Defendant Henry Johnson (hereinafter referred to as "Mr. Johnson") was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. Section 922(g) on November 3, 2015. (R. 1) He pled guilty pursuant to a written Rule 11(c)(1)(C) plea agreement on April 28, 2016, which stipulated that Mr. Johnson was not an Armed Career Criminal, as far as the parties were aware at that time. The plea agreement anticipated that Mr. Johnson's Guidelines range would be 77 to 96 months of imprisonment. The parties also stipulated and agreed that should later information

1

reveal that Mr. Johnson was in fact an Armed Career Criminal, neither party would be bound by the plea agreement. (R. 15)

Although the Initial Presentence Report (R. 23) found Mr. Johnson to be an Armed Career Criminal under 18 U.S.C. § 924(e), the Revised Presentence Report (R. 24) conceded that under recent case law, Mr. Johnson's 1999 conviction for aggravated battery of a peace officer no longer constitutes a violent felony. The Government disagrees, and has asked this Court to overrule the Probation Office and find that Mr. Johnson is an Armed Career Criminal. For the following reasons, this Court should adopt the findings of the Revised Presentence Report, hold that Mr. Johnson is *not* an Armed Career Criminal, and enforce the terms of the plea agreement at sentencing.

II.   **Argument**

There are three convictions in Mr. Johnson's history which raise the specter of the Armed Career Criminal designation. They are: 1) Case No. 94-CR-22621 – a 1995 conviction, purportedly for armed robbery, out of Cook County (PSR ¶ 27); 2) Case No. 99-CR-1559401 – a 1999 conviction for aggravated battery of a peace officer out of Cook County (PSR ¶ 26); and 3) Case No. 08-CR-2211301 – a 2011 conviction for aggravated battery with a firearm (PSR ¶ 35). There is no dispute that the 2011 conviction for aggravated battery with a firearm qualifies as a violent felony under the Act; however, the other two convictions should *not* count, albeit for different reasons.

**A. The Illinois offense of aggravated battery of a peace officer does not qualify as a violent felony.**

The Illinois offense of aggravated battery of a peace officer should not qualify as a violent felony because it is an indivisible statute which does not contain an element of the use of force. The statute in effect at the time Mr. Johnson was charged in this case was 720 ILCS 5/12-4(b)(6), which stated as follows: "In committing a battery, a person commits aggravated battery if he or she…(6) [K]nows the individual harmed to be a peace officer…and the battery is committed other than by the discharge of a firearm." The elements of the offense are 1) the commission of a battery and 2) that the defendant knew the battered individual to be a peace officer. The use of force is not an "element" here; it is merely one potential way (via causing serious bodily harm) that the offense could be committed.[1]

    i.    Divisibility vs. Indivisibility

The approach that courts use in evaluating the elements of a statute depends on the divisibility of the statute itself. If a statute is indivisible, sentencing courts must apply the categorical approach and look only to the statute and the judgment of conviction in determining whether the statute is a crime of violence. *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014). Under the categorical approach, courts should assess whether a prior conviction is violent as a categorical matter; *i.e.,* the court should

---

[1] Under Illinois law, a person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual. 720 ILCS 5/12-3(a).

3

examine the statutory language, not the defendant's actual conduct. *United States v. Woods,* 576 F.3d 400, 403 (7th Cir. 2009). In making this determination, the district court is limited to "the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States,* 495 U.S. 575, 602 (1990). If the statute at issue has the same elements as, or is narrower than, the federal generic crime, then the prior conviction can serve as a crime of violence predicate under the guidelines. *See Woods,* 576 F.3d at 403; *see also Descamps v. United States,* 133 S. Ct. 2276, 2283 (2013). But if the statute "sweeps more broadly than the generic crime, a conviction under the law cannot count as a . . . predicate, even if the defendant actually committed the offense in its generic form." *Id.*

There are cases where an underlying statute is divisible, i.e. when the statute of conviction describes more than one offense - only one of which would be categorized as a crime of violence. *Woods,* 576 F.3d at 404. In this "narrow range of cases," where the face of the judgment does not reveal which offense constituted the crime of conviction, the district court may review portions of the state-court record in order to clarify the matter. *Taylor,* 495 U.S. at 602; *Shepard v. United States,* 544 U.S. 13, 26 (2005). The court can only examine *Shepard* documents if the statute is divisible; if a jury would necessarily have to find the facts that distinguish the statute's predicate offenses from its non-predicate offenses. *Taylor,* 495 U.S. at 602.

    ii.    Elements vs. Means

The divisibility of the Illinois aggravated battery statute can only be determined by looking at what the essential elements are that need to be proven to a jury in order to

4

convict an individual of the offense. The Supreme Court in *Mathis v. United States,* 236 S.Ct. 2243, 2248-49 (2016), made clear that the inquiry referred to in *Descamps v. United States,* 133 S. Ct. 2276, 2283 (2013) as the "categorical approach" is into the elements of the crime, not into the means of committing an element of the crime. Elements are the "constituent parts" of a crime's legal definition; the things the government must prove to sustain a conviction. *Id.* at 2248. "Facts, by contrast, are mere real-world things - extraneous to the crime's legal requirements. They are circumstances or events having no legal effect or consequence." *Id.* A list of "means" contained in a statute specifies diverse means of satisfying a single element of a single crime; in other words, it spells out various factual ways of committing some component of the offense. *Id.* at 2249, *citing Descamps,* 133 S. Ct. at 2288. The Supreme Court gave the example of a statute that requires the use of a "deadly weapon" as an element of a crime and further provides that the deadly weapon can be a knife, gun, bat, or similar weapon. *Id*. The list of types of deadly weapons constitutes the means and not the elements of the offense. *Id.*

The Illinois aggravated battery statute contains a similar structure. The elements the state is required to prove are that (1) the defendant committed a battery; and (2) that the defendant battered someone known to be a police officer. Subsection 4(b)(6) does not specify *how* the battery element is fulfilled, but we know from common law and from Illinois law that battery is either offensive (insulting or provoking physical contact) or forcible (causing bodily harm). *Evans,* 576 F.3d at 767-68. The ways of committing battery are not elements of the offense; they are the *means* of the offense of aggravated battery.

This interpretation gains support from the Illinois jury instructions themselves, which state as follows:

> "A person commits the offense of aggravated battery when he knowingly [without legal justification] and ***by any means***, other than by the discharge of a firearm, [(causes bodily harm to) (makes physical contact of an insulting or provoking nature with)] another person, and in doing so, he knows the individual harmed to be…[5] a [(peace officer) (community policing volunteer) (fireman) (private security officer) (correctional institution employee) (Department of Human Services employee [(supervising) (controlling)] sexually [(dangerous) (violent)] persons)] [(performing his official duties) (battered to prevent performance of his official duties) (battered in retaliation for performing his official duties)]. (***emphasis added***). Ill. Pattern Instruction 11.113.

The Illinois Supreme Court has stated that either of the alternative means of committing a battery can serve as a predicate for an aggravated battery based on the position of battered person. *People v. Hale,* 77 Ill.2d 114, 118 (1979) ("Since a battery is committed upon ordinary persons by either causing bodily harm or by insulting or provoking physical contact, consistency would seem to require that both forms of misconduct would constitute aggravated battery when committed upon those in authority.")

Unlike the charge of aggravated battery of a person over the age of sixty, which explicitly requires bodily harm as an element of the offense, bodily harm is not an essential element of aggravated battery of a peace officer. *People v. Lewis,* 327 Ill.App.3d 285, 291 (4th Dist. 2002). In *People v. Strickland,* 283 Ill.App.3d 319, 325 (4th Dist. 1996), the

court found that serious bodily harm is not an element of the offense of aggravated battery of a correctional employee; the only required elements are a "battery" of a "correctional institution employee" who was engaged in the execution of his official duties. In *People v. Veile,* 109 Ill.App.3d 847, 849-50 (4th Dist. 1982), the court recognized that the essential element of aggravated battery of a peace officer is a ***battery***, which can be committed in alternative ways. To make it clear: In order "[T]o sustain a charge of aggravated battery of a police officer, the State was required to prove that defendant committed a battery with knowledge that the individual harmed was a police officer engaged in the execution of his official duties." *People v. Lovelace,* 251 Ill.App.3d 607, 616 (2nd Dist. 1993). Which *type* of battery is irrelevant to the charge and is not an essential element that must be proved to a jury.

     Following the logic in *Mathis* and in looking what Illinois courts deem the elements of the offense to be, it is clear that the element at issue is the battery itself, and the means are the various ways of committing a battery. The cases cited by the Government in support of the argument that a charge involving "bodily harm" satisfies the use of force requirement of a violent felony are irrelevant, since we cannot delve into *which* type of battery was committed. Like a deadly weapon can be a knife or a gun, battering can be by insulting or provoking contact or by bodily harm. The statute is indivisible; it concerns only the fact that a battery was committed and that it was of a peace officer. A jury could convict someone of aggravated battery under (b)(6) even if

7

some of the jurors concluded the defendant committed battery by insulting or provoking contact or by bodily harm because *either way*, the defendant would still be guilty of committing aggravated battery of a peace officer. See *Mathis*, 136 S.Ct. at 2249.[2]

Based on the foregoing analysis, Mr. Johnson's conviction for aggravated battery of a peace officer should not count as a predicate offense under the ACCA.

**B.     Although the Illinois offense of armed robbery would usually qualify as violent felony, in the present case there is insufficient evidence that Mr. Johnson was actually convicted under that statute.**

The documents received from the Cook County Circuit Clerk's Office which were intended to verify the nature of Mr. Johnson's convictions are insufficient to substantiate a conviction for armed robbery. The charging instrument does not list armed robbery as one of the charges. Mr. Johnson, according to the Information, was charged with aggravated vehicular hijacking (Count 1), possession of a stolen motor vehicle (Count 2), and burglary (Count 3). No judgment of conviction was received from Cook County. The *only* indication that Mr. Johnson was convicted of armed robbery is from the docket sheet, which is also entitled "Certified Statement of Conviction/Disposition," which indicates that Mr. Johnson pled guilty to "Count 4" of the Information. According to the documents we received, Count 4 does not exist.

---

[2] Alternatively, even if the court *does* consider that the conduct involved bodily harm, it is not the same as use of physical force as contemplated by the term "violent felony." Mr. Johnson recognizes the existence of Seventh Circuit case law that is contrary to this argument, specifically *Hill v. Werlinger,* 695 F.3d 644, 649-50 (7th Cir. 2012), and makes the argument to preserve the issue for appeal.

8

Determining the statute of conviction can be done by using the modified categorical approach, the same approach taken when a statute is divisible. *United States v. Ker Yang,* 799 F.3d 750, 755 (7th Cir. 2015). Utilizing the holdings of *Taylor v. United States,* 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005), the court is limited to what documents it can consider in evaluating the case. Among the permissible documents are: the statutory definition, the charging document, any written plea agreement, a transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. A court may not look to police reports or complaint applications, and certainly not to a docket sheet or to a mittimus received by the Illinois Department of Corrections.

The Government bears the burden of proving by a preponderance of the evidence that a defendant has three convictions for qualifying predicate offenses under the ACCA. *Kirkland v. United States*, 687 F.3d 878, 890 (7th Cir. 2012). In the present case, the Government cannot meet its burden of proof. There is no charging instrument, written plea agreement, transcript, or explicit factual finding by a judge indicating that Mr. Johnson in fact pled guilty to armed robbery. As stated above, the Court in this case is limited to *Shepard* documents to determine the actual statute of conviction, which it cannot do based on what we have before us. Therefore, this Cook County case should not be counted as a predicate conviction.

WHEREFORE, Defendant HENRY JOHNSON respectfully requests that the Court enforce the terms of the Plea Agreement in this case.

>Respectfully submitted,
>
>THOMAS W. PATTON
>Federal Public Defender
>
>BY: /s/ Elisabeth R. Pollock
>ELISABETH R. POLLOCK
>Assistant Federal Public Defender
>300 West Main Street
>Urbana, Illinois 61801
>Telephone: (217) 373-0666
>Facsimile: (217) 373-0667
>Email: Elisabeth_Pollock@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorney Eugene Miller.

>/s/ Elisabeth R. Pollock
>Elisabeth R. Pollock
>Assistant Federal Public Defender
>300 West Main Street
>Urbana, Illinois 61801
>Telephone: (217) 373-0666
>Facsimile:  (217) 373-0667
>Email: Elisabeth_Pollock@fd.org